UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

-against-

JOHN DOE subscriber assigned IP address
47.16.74.68,

                Defendant.
-----------------------------------------------------------X

**ORDER**
2:18-cv-364 (ADS) (SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2018 ★
LONG ISLAND OFFICE

**APPEARANCES:**

**Fox Rothschild, LLP**
*Attorneys for the Plaintiff*
101 Park Avenue, 17th Floor
New York, NY 10178
    By:    Shireen Nasir, Esq., Of Counsel

**NO APPEARANCES:**

*The Defendant*

**SPATT, District Judge:**

      The Plaintiff Strike 3 Holdings, LLC (the "Plaintiff" or "Strike 3") commenced this civil action pursuant to the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), seeking a permanent injunction as well as damages from the Defendant, an individual who was allegedly identified through his or her IP address 47.16.75.68 (the "Defendant").

      On January 18, 2018, the Plaintiff filed its complaint. On the civil cover sheet, the Plaintiff's attorneys noted that "the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur[ed] in Nassau or Suffolk County." Civil Cover Sheet at 2, ECF No. 1-1. The civil cover sheet further notes the Defendant's county of residence as Kings County.

1

Civil Cover Sheet at 1, ECF No. 1-1. A review of the complaint, illustrates that this case does not have any connection to Nassau or Suffolk County.

The Plaintiff is a Delaware Limited Liability Company located at 2140 South Dupont Highway, Camden Delaware. Strike 3 represented that the Defendant used an Internet Protocol address, otherwise known as an IP address, which was traced to a physical location within the Eastern District of New York. The only reference to the location of that IP address was a representation on the civil cover sheet that the Defendant's country of resident is Kings County.

The Eastern District of New York encompasses the counties of Richmond, Brooklyn, Queens, Nassau and Suffolk. Courthouses are located in Brooklyn, New York (the "Brooklyn Courthouse") and in Central Islip, New York (the "Long Island Courthouse"). While both the Brooklyn and Central Islip Courthouses can properly exercise jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted rules for the internal management of the Eastern District's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines"), allow for the designation of certain cases as "Long Island Cases." Guidelines Rule 50.1(d). According to the Guidelines, a civil case is properly designated as a Long Island Case if "the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or . . . the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2).

While the Guidelines permit the making of motions aimed at changing the designation of cases, it is important to note that these rules have been adopted for the "internal management" of the court's case load and state specifically that they "shall not be deemed to vest any rights in litigants or their attorneys . . . ." Guidelines Preamble; *see also United States v. Garces,* 849 F. Supp. 852, 860–61 (E.D.N.Y. 1994) (stating that the guidelines are "*not* intended to give the

parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases" (emphasis in original)). To that end, district courts are empowered with the inherent authority to manage their own dockets. *Dietz v. Bouldin*, -- U.S. --, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016).

As the facts above demonstrate, there is no connection to Long Island here, as the case was not removed from New York State courts sitting in Nassau or Suffolk County, no party resides in either of those counties and the cause of action did not arise in substantial part in either of those counties. Therefore, the case should be transferred to the Brooklyn Courthouse. *See Hossain v. Cty. of Nassau*, No. 11-CV-3630 NGG LB, 2011 WL 5027641, at *2 (E.D.N.Y. Oct. 21, 2011) (transferring case from Brooklyn to Long Island *sua sponte* where the plaintiff incorrectly marked the civil cover sheet); *see also Flaherty v. All Hampton Limousine, Inc.*, No. 01 CIV.9939 SAS, 2002 WL 1891212, at *3 (S.D.N.Y. Aug. 16, 2002) (transferring case *sua sponte* to the Eastern District (citing *Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085, 2001 WL 286728, at *5 (S.D.N.Y. Mar. 22, 2001) (holding that a court can transfer venue *sua sponte*))).

Accordingly, the Court respectfully requests that the Clerk of the Court reassign this case to a judge in the Brooklyn Courthouse.

**SO ORDERED:**

Dated: Central Islip, New York

January 29, 2018         s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge